## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE T. BOOKER and SONIA BOOKER, Husband and Wife,<br><br>　　　　　　　　　　Plaintiffs<br><br>vs.<br><br>JOELY A. ROSARIO, BAEZ TRUCK LLC and JOHN DOE, a fictitious name,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 25-CV-<br><br><br>**COMPLAINT**<br>**and JURY DEMAND** |

Plaintiffs, **WAYNE T. BOOKER and SONIA BOOKER, husband and wife**, by way of this Complaint, allege the following:

### I.    PARTIES

1.    Plaintiff, **WAYNE T. BOOKER**, is an adult citizen of the United States, is a citizen of the Commonwealth of Pennsylvania, and resides at 57 Summerfield Drive, Mount Bethel Township, Northampton County, Pennsylvania, and at all times relevant herein has been lawfully married to Plaintiff, **SONIA BOOKER**.

2.    Plaintiff, **SONIA BOOKER**, is an adult citizen of the United States, is a citizen of the Commonwealth of Pennsylvania, and resides at 57 Summerfield Drive, Mount Bethel Township, Northampton County, Pennsylvania, and at all times relevant herein has been lawfully married to Plaintiff, **WAYNE T. BOOKER**.

3.    Upon information and belief, Defendant, **JOELY A. ROSARIO**, is an adult citizen of the United States, is a citizen of the State of New York, and resides at 314 41st Street, Town of Babylon, Suffolk County, New York.

4.    Upon information and belief, Defendant, **BAEZ TRUCK LLC**, is a for-profit limited liability company of the State of New York, with its' principal place of business at 25 June Street, Town of Babylon, Suffolk County, New York, and at all times and at all times relevant herein has been the owner

1

of a motor vehicle operated with its' permission by Defendant, **JOELY A. ROSARIO**.

5. Upon information and belief, Defendant, **JOELY A. ROSARIO**, was at all times relevant herein acting with the permission, at the direction and under the control, of Defendant, **BAEZ TRUCK LLC**.

## II. JURISDICTION & VENUE

6. Jurisdiction of this Court is conferred by 28 U.S.C. §1332(a) by virtue of the Parties' diversity of citizenship and the amount in controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## III. FACTUAL ALLEGATIONS

8. On or about December 25, 2023, at approximately 10:44 a.m., Defendant, **JOELY A. ROSARIO**, was the operator of a motor vehicle owned by Defendant, **BAEZ TRUCK LLC**, which was traveling on Interstate Route 80 westbound, in Hardwick Township, Warren County, New Jersey, when Defendant, **JOELY A. ROSARIO**, failed to maintain control of his vehicle and struck the vehicle being operated by Plaintiff, **WAYNE T. BOOKER**, which in turn struck a vehicle in front of Plaintiff's vehicle.

9. At the same time and location, Plaintiff, **WAYNE T. BOOKER**, was the operator of a motor vehicle which was traveling on Interstate Route 80 westbound in Hardwick Township, Warren County, New Jersey, when Defendant, **JOELY A. ROSARIO**, operated his motor vehicle into Plaintiff, **WAYNE T. BOOKER's**, vehicle.

10. The above-described occurrence was directly, proximately, legally and substantially caused by the negligence, carelessness, recklessness and/or gross negligence of Defendant, **JOELY A. ROSARIO**, in the operation of the motor vehicle as follows:

   a) In failing to keep a careful and diligent watch on the roadway;

   b) In failing to warn Plaintiff of his approach and his operation of the vehicle;

   c) In failing to avoid contact with Plaintiff's vehicle which was in open view;

   d) In operating the vehicle at an unsafe speed, not allowing adequate reaction time and subsequently crashing into Plaintiff's vehicle and causing Plaintiff's injuries;

e) In failing to maintain his lane of travel;

f) In operating the vehicle without regard for the safety, rights and position of Plaintiff as an operator of a motor vehicle on the public roadways by failing to yield Plaintiff's vehicle in front of him;

g) In failing to properly signal the movement of his vehicle;

h) In failing to observe traffic control devices;

i) In failing to properly observe the weather and accompanying road conditions;

j) In operating the vehicle in such a manner so as to crash into Plaintiff's vehicle; and

k) In failing to observe, and have due regard to, the provisions of the Motor Vehicle Code of the State of New Jersey, specifically:

   (1) Defendant operated his vehicle unsafely, carelessly and/or recklessly, violations of N.J.S. 39:4-97.2, N.J.S. 39:4-97, and/or N.J.S. 39:4-96, by:

   (aa) failing to keep a careful and diligent watch on the roadway;

   (bb) failing to warn Plaintiff of his approach;

   (cc) exceeding the lawful speed limit;

   (dd) driving too fast for the conditions;

   (ee) failing to maintain his lane of travel;

   (ff) failing to avoid contact with another vehicle which was in open view;

   (gg) operating his vehicle at an unsafe speed, not allowing adequate reaction time and subsequently crashing into Plaintiff's vehicle;

   (hh) operating his vehicle in such a manner so as to crash into Plaintiff's vehicle;

   (ii) failing to observe traffic control devices; and

   (jj) failing to yield to the right of way to Plaintiff's vehicle; and

   (2) Defendant failed to maintain his lane of travel, a violation of N.J.S. 39:4-88;

   (3) Defendant failed to yield to the right of way of Plaintiff's vehicle, a violation of N.J.S. 39:4-144 and/or N.J.S. 39:4-90;

3

(4) Defendant operated his vehicle at speeds greater than were reasonable and prudent under the conditions, a violation of N.J.S. 39:4-98;

(5) Defendant failed to observe traffic control devices, a violation of N.J.S. 39:4-81; and

(6) Defendant operated his vehicle too closely at a speed greater than would permit him to bring his vehicle to a stop within an assured clear distance, a violation of N.J.S. 39:4-89.

11. The above-described occurrence was directly, proximately, legally and substantially caused by the negligence, carelessness, recklessness and/or gross negligence of Defendant, **BAEZ TRUCK LLC**, in its' entrustment of its' motor vehicle to Defendant, **JOELY A. ROSARIO**, by failing to ensure that he did not operate its' motor vehicle in the negligent, careless, reckless and/or grossly negligent manner set forth above.

12. Plaintiffs have suffered their injuries as a direct, proximate and legally substantial result of Defendants' conduct, acts and/or omissions as stated herein.

13. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, suffered severe bodily injuries including, but not limited to: sprains and strains of his neck, back and shoulder, whiplash, pinched nerves, sciatica, lumbar facet joint pain, multiple contusions and abrasions, post-traumatic stress disorder, depression, fear, anxiety and/or other mental and psychic injuries, requiring extensive treatment, as a result of which she was rendered sick, sore and disabled, all of which have been to her great financial loss.

14. Plaintiff, **WAYNE T. BOOKER**, has sustained personal injuries which meet the requirements of N.J.S. 39:6A-1, *et. seq.*, and controlling law.

15. Plaintiff, **WAYNE T. BOOKER**, did not contribute to his injuries or assume the risk of his injuries.

16. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, has suffered in the form of loss of sensory function, loss of motor functions, limitations on range of motion up to the date of the filing of this Complaint, all of which has been to his great financial loss.

17. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, will continue to suffer in the future, in the form of loss of sensory function, loss of motor functions, limitations on range of motion, all of which will be to his great financial loss.

18. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, has suffered in the form of cosmetic damages from scarring and/or misalignment of bones up to the date of the filing of this Complaint, all of which has been to his great financial loss.

19. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, will continue to suffer in the future in the form of cosmetic damages from scarring and/or misalignment of bones, all of which will be to his great financial loss.

20. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, has suffered great physical pain, discomfort and mental anguish up to the date of the filing of this Complaint all of which has been to his great financial loss.

21. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, will continue to suffer great physical pain, discomfort and mental anguish into the future, all of which will be to his great financial loss.

22. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, has been compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore his health up to the date of the filing of this Complaint, all of which has been to his great financial loss.

23. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, will be compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore his health, all of which will be to his great financial loss.

24. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, has suffered a loss of earning power and capacity up to the date of the filing of this Complaint, all of which has been to his great financial loss.

25. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, will suffer a loss of earning power and capacity, all of which will be to his great financial loss.

26. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, has not been able to pursue and to enjoy the usual activities of life of an individual of Plaintiff's age, and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life up to the date of the filing of this Complaint, all of which has been to his great financial loss.

27. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, will not be able to pursue and to enjoy the usual activities of life of an individual of Plaintiff's age, and will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life throughout the remainder of his life, all of which will be to his great financial loss.

28. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **WAYNE T. BOOKER**, was caused to suffer all of his injuries and damages more fully set forth at length herein.

29. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **SONIA BOOKER**, has been denied the services, fellowship and consortium of her husband, **WAYNE T. BOOKER**, from December 25, 2023, until the present, all of which has been to her great financial loss.

6

30. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **SONIA BOOKER**, will continue to be denied the services, fellowship and consortium of her husband, **WAYNE T. BOOKER**, from the date of the filing of the Complaint into the future, all of which will be to her great financial loss.

## IV. CLAIMS FOR RELIEF

### COUNT I

### (WAYNE T. BOOKER v. JOELY A. ROSARIO)

31. Plaintiffs incorporate by reference the allegations contained in paragraphs one through thirty, inclusive, as though same were set forth herein at length.

32. The aforesaid injuries and damages suffered by Plaintiff, **WAYNE T. BOOKER**, more fully set forth herein, were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **JOELY A. ROSARIO**.

33. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by Defendant, **JOELY A. ROSARIO**, created a high degree of risk of harm to Plaintiff, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **WAYNE T. BOOKER**, respectfully requests that:

(a) This Court award compensatory damages in his favor and against Defendant, **JOELY A. ROSARIO**, in an amount be proved at trial;

(b) This Court award the Plaintiff punitive damages for Defendant, **JOELY A. ROSARIO's**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award Plaintiff reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT II

### (WAYNE T. BOOKER v. BAEZ TRUCK LLC)

34. Plaintiffs incorporates by reference, paragraphs one through thirty-three, inclusive, as though same were set forth herein at length.

35. The aforesaid injuries and damages suffered by Plaintiff, **WAYNE T. BOOKER**, more fully set forth herein, were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **BAEZ TRUCK LLC.**

36. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by Defendant, **BAEZ TRUCK LLC**, created a high degree of risk of harm to Plaintiff, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **WAYNE T. BOOKER**, respectfully requests that:

(a) This Court award compensatory damages in his favor and against Defendant, **BAEZ TRUCK LLC**, in an amount be proved at trial;

(b) This Court award the Plaintiff punitive damages in his favor for Defendant, **BAEZ TRUCK LLC's**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award Plaintiff reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT III

### (SONIA BOOKER v. JOELY A. ROSARIO & BAEZ TRUCK LLC)

37. Plaintiffs incorporate by reference the allegations contained in paragraphs one through thirty-six, inclusive, as though same were set forth herein at length.

38. At all times relevant herein, Plaintiff, **SONIA BOOKER**, has been lawfully married to Plaintiff, **WAYNE T. BOOKER.**

39. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **SONIA BOOKER**, has been denied the services and consortium of her husband, **WAYNE T. BOOKER**, from the time of the occurrence set forth herein up until the present, all which has been to her great financial loss.

40. As a direct, proximate and legally substantial result of the above-described occurrences, Plaintiff, **SONIA BOOKER**, will continue in the future to be denied the services and consortium of her husband, **WAYNE T. BOOKER**, all of which will be to her great financial loss.

WHEREFORE, Plaintiff, **SONIA BOOKER**, respectfully requests that:

(a) This Court award Plaintiff compensatory damages in her favor and against Defendants, **JOELY A. ROSARIO** and **BAEZ TRUCK LLC**, herein in an amount be proved at trial;

(b) This Court award Plaintiff punitive damages for Defendants, **JOELY A. ROSARIO** and **BAEZ TRUCK LLC's**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award Plaintiff reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT V

### (v. JOHN DOE)

41. Plaintiffs incorporate by reference paragraphs one through forty, inclusive, as though same were set forth herein at length.

42. Plaintiffs hereby plead a Count against **JOHN DOE**, a fictitious entity, to temporarily suffice for the presently unknown identities of other defendant parties who/which are deemed to include corporations, partnerships, any other business organizations and/or any and all other individuals who/which may have played any role whatsoever in contributing to the injuries and damages more specifically described herein.

43. At such time as the identities of such fictitiously pleaded defendants are ascertained, Plaintiffs shall seek leave to amend this Complaint so as to substitute the actual names of said parties for the fictitious names set forth herein.

44. Plaintiffs attribute each and every intentional act and/or act of negligence and damages alleged against the named defendants hereto to those who are fictitiously pleased as if they were more specifically set forth in their entirety.

WHEREFORE, Plaintiffs, **WAYNE T. BOOKER** and **SONIA BOOKER**, respectfully requests that:

(a) This Court award compensatory damages in her favor and against Defendant, **JOHN DOE**, in an amount be proved at trial;

(b) This Court award punitive damages in her favor for Defendant, JOHN DOE, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award Plaintiff reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to *Fed. R. Civ. P. 38(b)*, Plaintiffs, **WAYNE T. BOOKER** and **SONIA BOOKER**, hereby demand a trial by jury.

> **WILHELM & ROEMERSMA, P.C.**
> */s/ SCOTT M. WILHELM*
> **SCOTT M. WILHELM, ESQ.**
> 305 Roseberry Street
> Phillipsburg, New Jersey 08865
> Telephone: (908) 454-3200
> Facsimile: (908) 454-3322
> wilhelms@wwgrlaw.com
> *Attorney for Plaintiffs*

Dated: December 19, 2025